Charles H. McCrea (NSB #104)
**PRHLAW LLC**
520 South Fourth Street, Suite 360
Las Vegas, Nevada 89101
charles@prhlawllc.com
T: (702) 834-6166

JENNIFER H. CHUNG, ESQ.*
Texas Bar No. 24087537
*To be admitted pro hac vice*
**MCDOWELL HETHERINGTON LLP**
1001 Fannin St., Suite 2400
Houston, Texas 77002
jennifer.chung@mhllp.com
T: (713) 337-5580 | F: (713) 337-8850

*Attorneys for Defendant NFP Property & Casualty Services, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| DIVINE WELLNESS, LLC, a Nevada Limited Liability Company, d/b/a ELEVATED SAUNA & CRYOTHERAPY STUDIO, | CASE NO: |
| Plaintiff, | |
| v. | **PETITION FOR REMOVAL** |
| NFP PROPERTY & CASUALTY SERVICES, INC., a foreign corporation; and TRANSPORTATION INSURANCE COMPANY, a foreign business entity. | |
| Defendants. | |

Defendant NFP Property & Casualty Services, Inc. ("NFP") hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and would show the Court as follows:

## I.   COMMENCEMENT AND SERVICE

On October 19, 2023, Plaintiff Divine Wellness, LLC, d/b/a Elevated Sauna & Cryotherapy Studio ("Plaintiff") commenced this action against NFP and Transportation Insurance Company by filing Plaintiff's Petition in the District Court of Clark County, Nevada, Cause No. A-23-879968-C, styled *Divine*

*Wellness, LLC, a Nevada Limited Liability Company, d/b/a/ Elevated Sauna & Cryotherapy Studio v. NFP Property & Casualty Services, Inc., a foreign corporation; Transportation Insurance Company, a foreign business entity* ("State Court Action").[1]

NFP has not yet been served with process but has obtained access to the initial pleading.

This Notice of Removal is timely filed within thirty days of the receipt of Plaintiff's Petition, pursuant to 28 U.S.C. § 1446(b). This Notice of Removal is also filed within one year of the commencement of this action, and is thus timely pursuant to 28 U.S.C. § 1446(c).

## II.   GROUNDS FOR REMOVAL

NFP is entitled to remove the entire state court matter to this Court pursuant to 28 U.S.C. § 1332 because this action is a civil action involving diversity of citizenship and an amount in controversy exceeding $75,000.00.

Removal of the entire state court matter to this Court is also proper under 28 U.S.C. § 1441(a) and 1446(a) because the Court's district and division embraces the pending state court action in the 8th Judicial District Court, in and for Clark County, Nevada.

## III.   DIVERSITY JURISDICTION

This is an action with complete diversity of citizenship between the Parties.

Based upon the allegations in the Complaint, Plaintiff is a Nevada Limited Liability Company and has its principal place of business in Henderson, Clark County, Nevada. Limited liability companies have the citizenship of each of its owners and members. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 902 (9th Cir. 2006). Plaintiff's sole managing member is listed as Jennifer Stuart, whose address is 2790 Gullane Street, Las Vegas, Nevada 89142. As such, she is domiciled in and is a resident of Nevada. Plaintiff is therefore a citizen of Nevada within the meaning and intent of 28 U.S.C. § 1332.

NFP is incorporated in the State of New York with its principal place of business located in Glendale, Arizona. NFP is therefore a citizen of New York and Arizona within the meaning and intent of 38 U.S.C. § 1332.

---

[1]   *See* Exhibit 2, Complaint.

PETITION FOR REMOVAL

Transportation Insurance Company is an Illinois company with its principal place of business located in Chicago, Illinois. Transportation Insurance Company is therefore a citizen of Illinois within the meaning and intent of 38 U.S.C. § 1332.

Pursuant to 28 U.S.C. §§ 1332 and 1441, there is complete diversity of citizenship between Plaintiff and Defendants. There are no known changes of citizenship since commencement of the State Court Action.

According to the Complaint, Plaintiff is seeking general damages in excess of $15,000, consequential damages in excess of $15,000, incidental damages in excess of $15,000, actual damages in excess of $15,000, punitive damages and exemplary damages in excess of $15,000 and attorneys' fees.[2] Attorneys' fees can be included in the amount in controversy where authorized by statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Nevada law allows for an award of attorneys' fees to a prevailing party by statute. N.R.S. § 18.010. Also, Plaintiff asserts a cause of action for declaratory relief. Under the Federal Declaratory Judgment Act, attorneys' fees may be awarded as damages. 28 U.S.C. § 2202. As such, adding the minimum damages pled under each item of damages and considering the request for attorneys' fees, the amount in controversy exceeds $75,000.

While NFP denies Plaintiff's allegations and all liability, and specifically denies that Plaintiff is entitled to any damages whatsoever, it is established on the face of the Complaint that the amount in controversy exceeds $75,000.

Therefore, this Court has jurisdiction under 28 U.S.C. 1332, and this action is properly removable pursuant to 28 U.S.C. § 1441(b).

### III. <u>VENUE</u>

Venue lies in the United States District Court for the District of Nevada pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), because Plaintiff filed the state court action in this judicial district and division.

---

[2]   Exhibit 2, prayer paragraph.

### IV.  NOTICE

NFP will give notice of the filing of this Notice of Removal to all parties of record pursuant to 28 U.S.C. § 1446(d). NFP will also file with the clerk of the state court and will serve upon Plaintiff's counsel a notice of the filing of this notice of removal.

### V.  CONSENT TO REMOVAL

At the time of filing of this removal, Transportation Insurance Company has not been properly served.[3]  Therefore, its consent is not required pursuant to 28 U.S.C. § 1446(b)(2)(A).

### VI.  JURY DEMAND

Plaintiff demanded a jury in its Complaint.

### VII.  STATE COURT PLEADINGS

Copies of all state court pleadings and orders are attached to this Notice of Removal.

### VIII.  EXHIBITS TO NOTICE OF REMOVAL

The following documents are attached to this Notice as correspondingly numbered exhibits:

Exhibit 1:  Copy of State Court Docket Sheet

Exhibit 2:  Complaint

Exhibit 3: Initial Appearance Fee Disclosure

### IX.  CONCLUSION

WHEREFORE, Defendant NFP Property & Casualty Services Inc., pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. §§ 1331, 1441(a), (c), and 1446, removes this action from the District Court of Clark County, Nevada, to this Court.

DATE:  November 3, 2023.

By: *Charles H. McCrea*
Charles H. McCrea (NSB #104)
**PRHLAW** LLC
520 South Fourth Street, Suite 360
Las Vegas, Nevada 89101

---

8   The docket sheet, Exhibit 1, reflects no request for issuance of any summons and does not include proof of service of process.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on the 7th day of November 2023 on the following counsel of record by certified mail, return receipt requested:

Judd J. Balmer, Esq., Ltd.
170 S. Green Valley Parkway, Suite 300
Henderson, Nevada 89012

*Charles H. McCrea*
Charles H. McCrea

# EXHIBIT 1

## State Court Docket Sheet

## Case Information

A-23-879968-C | Divine Wellness LLC, Plaintiff(s) vs. NFP Property & Casualty Services Inc, Defendant(s)

| Case Number | Court | Judicial Officer |
|---|---|---|
| A-23-879968-C | Department 5 | Barisich, Veronica M. |
| File Date | Case Type | Case Status |
| 10/19/2023 | Negligence - Other Negligence | Open |

## Party

Plaintiff
Divine Wellness LLC

Active Attorneys ▾

 Aliases
 *DBA* Elevated Sauna & Cryotherapy Studio

Lead Attorney
Balmer, Judd J.
Retained

Defendant
NFP Property & Casualty Services Inc

Defendant
Transporation Insurance Company

## Events and Hearings

10/19/2023 Complaint ▾

Complaint - COMP (CIV)

Comment
[1] Complaint

10/19/2023 Initial Appearance Fee Disclosure ▾

Initial Appearance Fee Disclosure - IAFD (CIV)

Comment
[2] Initial Appearance Fee Disclosure

## Financial

Divine Wellness LLC

| | | | |
|---|---|---|---|
| Total Financial Assessment | | | $270.00 |
| Total Payments and Credits | | | $270.00 |

| 10/19/2023 | Transaction Assessment | | | $270.00 |
|---|---|---|---|---|
| 10/19/2023 | Efile Payment | Receipt # 2023-88890-CCCLK | Divine Wellness, LLC, d/b/a Elevated Sauna & Cryotherapy Studio | ($270.00) |

## Documents

Complaint - COMP (CIV)

Initial Appearance Fee Disclosure - IAFD (CIV)

# EXHIBIT 2

## Complaint

Electronically Filed
10/19/2023 11:38 PM
Steven D. Grierson
CLERK OF THE COURT

1 | COMP
**JUDD J. BALMER, ESQ.**
NEVADA BAR NO. 006212
2 | **JUDD J. BALMER, ESQ., LTD.**
*A Nevada Professional Corporation*
3 | 170 S. Green Valley Parkway, Suite 300
Henderson, Nevada 89012
4 | T:  (702) 642-4200
F:  (702) 642-4300
5 | E:  jbalmer@balmerlawfirm.com
*Attorney for Plaintiff DIVINE WELLNESS, LLC,*
6 | *a Nevada Limited Liability Company, d/b/a*
*ELEVATED SAUNA & CRYOTHERAPY STUDIO*

CASE NO: A-23-879968-C
Department 5

**DISTRICT CO URT**
**CLARK COUNTY, NEVADA**

DIVINE WELLNESS, LLC, a Nevada
Limited Liability Company, d/b/a
ELEVATED SAUNA & CRYOTHERAPY
STUDIO;

        Plaintiff,

    v.

NFP PROPERTY & CASULATY SERVICES,
INC., a foreign corporation;
TRANSPORTATION INSURANCE
COMPANY, a foreign business entity; DOES I
through XXX, inclusive; ROES I through
XXX, inclusive,

        Defendants.

Case No.:
Dept. No.:

<u>**COMPLAINT**</u>

**JURY TRIAL DEMANDED**

**(Arbitration Exemption Claimed:
Declaratory Relief)**

      COMES NOW, Plaintiff DIVINE WELLNESS, LLC, a Nevada Limited Liability Company,

d/b/a ELEVATED SAUNA & CRYOTHERAPY STUDIO, by and through its attorney of record,

JUDD J. BALMER, ESQ., LTD., A Nevada Professional Corporation, and hereby complains and

alleges as follows:

**I.**
**PARTIES, VENUE AND JURISDICTION**

      1.    At all times relevant herein, Plaintiff DIVINE WELLNESS, LLC, a Nevada Limited

Liability Company, d/b/a ELEVATED SAUNA & CRYOTHERAPY STUDIO ("DIVINE

WELLNESS"), was and is a Nevada limited liability company with its principal place of business in Henderson, Clark County, Nevada.

2.      At all times relevant herein, Defendant NFP PROPERTY & CASUALTY SERVICES, INC. ("NFP"), was a foreign corporation doing business as an insurance agent and broker in Clark County, Nevada.  Defendant NFP acted as insurance broker for Plaintiff DIVINE WELLNESS and insurance agent for Defendant TRANSPORTATION INSURANCE COMPANY.

3.      At all times relevant herein, Defendant TRANSPORTATION INSURANCE COMPANY ("TRANSPORATION"), a foreign business entity, was a CNA-affiliated underwriting company, operating in Nevada as a casualty insurer and writing casualty insurance policies to insureds in Nevada, including Plaintiff DIVINE WELLNESS.  TRANSPORTATION writes casualty insurance policies in Clark County, Nevada, and, at all times relevant herein, was Plaintiff DIVINE WELLNESS's casualty insurance carrier.

4.      At all times relevant herein, DOE and ROE Defendants were doing business in the State of Nevada, as insurance brokers, insurance professionals, insurance underwriters and/or insurance companies.  Said Defendants held themselves out to the public at large, and Plaintiff DIVINE WELLNESS in particular, to be insurance brokers, insurance professionals, insurance underwriters and/or insurance companies, skilled in the selection of insurance policies, placement of insurance coverage, and/or underwriting for casualty and liability insurance policies for commercial entities in Nevada, such as Plaintiff DIVINE WELLNESS. At all times relevant herein, and upon information and belief, one or more of said Defendants were (a) subcontractor(s) and/or agents of Defendant NFP and/or Defendant TRANSPORTATION. The true names or capacities, whether individual, corporate, associate or otherwise, of said DOE and ROE Defendants are unknown to Plaintiff, who, therefore, sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as DOE or ROE is legally responsible in some manner for the events and happenings referred to and legally and proximately caused injury and damages thereby to Plaintiff as herein alleged. Plaintiff will seek leave of the Court to amend this Complaint to insert the true names and capacities of said DOE and ROE Defendants when the same have been ascertained, and to join such Defendants in the action.

5.      This Court has jurisdiction in this matter because, among other things, this Complaint stems from damage sustained by Plaintiff in the State of Nevada. Venue is proper in Clark County,

Nevada, pursuant to NRS 13.050(1) because both Defendant NFP and Defendant TRANSPORATION regularly conduct business in Clark County, Nevada.

6.      Plaintiff has timely brought this action well within all applicable limitation periods under Nevada law.

## II.
## FACTUAL ALLEGATIONS

7.      At all times relevant herein, Plaintiff DIVINE WELLNESS has operated a sauna and cryotherapy studio in Henderson, Clark County, Nevada.  At all times relevant herein, Defendant NFP and Defendant TRANSPORTATION have been on notice of the nature of Plaintiff's business operations, including cryotherapy, and the equipment utilized in the course and scope of Plaintiff's business operations.

8.      In order to protect its sauna and cryotherapy business from third party casualty and liability claims arising in the operation of Plaintiff DIVINE WELLNESS's business, Plaintiff DIVINE WELLNESS hired Defendant NFP, an insurance brokerage, to procure appropriate casualty and liability insurance coverage for the sauna and cryotherapy studio, including casualty and liability insurance against customer personal injury claims arising out of cryotherapy services and equipment.

9.      NFP represented to DIVINE WELLNESS that it and each of its brokers had superior skills, expertise and knowledge of commercial property insurance above and beyond those of an ordinary insurance agency. NFP further represented that it would competently and fully assess the insurance needs of Plaintiff DIVINE WELLNESS and procure an adequate insurance policy covering Plaintiff DIVINE WELLNESS for casualty and liability, including third party claims for personal injury, arising out of the operation of Plaintiff's sauna and cryotherapy studio and specifically arising out of cryotherapy services and equipment.

10.      It is alleged upon information and belief that at all times relevant herein, NFP was a legal agent of TRANSPORTATION for purposes of applying for and selling TRANSPORTATION insurance policies. It is further alleged upon information and belief that NFP's relationship with TRANSPORTATION involves training, education, and incentive plans to NFP.

11.      Plaintiff DIVINE WELLNESS specifically informed NFP in writing that Plaintiff DIVINE WELLNESS offered use of its cryotherapy equipment to customers in the regular course

of its business.  Furthermore, Plaintiff DIVINE WELLNESS confirmed its casualty and liability insurance requests in writing to NFP.   NFP agreed to procure adequate and appropriate casualty and liability insurance for Plaintiff DIVINE WELLNESS's sauna and cryotherapy studio business, including protection against injury claims made by customers arising out of cryotherapy.

12.     Based on these representations, Plaintiff DIVINE WELLNESS requested, and Defendant NFP agreed to procure, adequate and appropriate casualty and liability insurance for Plaintiff DIVINE WELLNESS's sauna and cryotherapy business.

13.     Based on these representations and agreements, independently and collectively, NFP assumed and undertook a duty of care to ensure the insurance procured was adequate and satisfied Plaintiff DIVINE WELLNESS's insurance requirements.

14.     Defendant NFP, acting as both an insurance broker for Plaintiff DIVINE WELLNESS and an agent for TRANSPORTATION, caused TRANSPORTATION to issue a casualty and liability insurance policy covering Plaintiff DIVINE WELLNESS's sauna and cryotherapy business.  Despite TRANSPORTATION's later contention that NFP failed to properly place casualty and liability insurance coverage for Plaintiff DIVINE WELLNESS's cryotherapy services, NFP represented to Plaintiff DIVINE WELLNESS at the time of casualty and liability insurance coverage placement that casualty and liability for Plaintiff DIVINE WELLNESS's cryotherapy services were covered under the TRANSPORTATION casualty and liability insurance policy selected, recommended, and procured by Defendant NFP for Plaintiff DIVINE WELLNESS.

15.     In response to NFP's request for casualty and liability insurance coverage for Plaintiff DIVINE WELLNESS's sauna and cryotherapy studio business, TRANSPORTATION issued to Plaintiff DIVINE WELLNESS a Businessowners Liability insurance policy, Policy No. B 6021190421, effective July 27, 2021, to July 27, 2022, providing $1 million limit of insurance for liability and medical expense - each occurrence, $10,000 medical expense limit - per person, and $2 million limit for general aggregate (the "Policy").

16.     Plaintiff DIVINE WELLNESS relied upon NFP's representations and responses to its requests that the Policy covered Plaintiff DIVINE WELLNESS's sauna and cryotherapy studio business for liability related to the cryotherapy services offered to customers.  NFP repeatedly confirmed to Plaintiff DIVINE WELLNESS that the Policy provided Plaintiff DIVINE WELLNESS business casualty and liability coverage for cryotherapy services.

17.     A cryotherapy customer of Plaintiff DIVINE WELLNESS, Antonella Maddalena ("Maddalena"), alleges that on or about October 20, 2021, she suffered injuries in Plaintiff DIVINE WELLNESS's cryotherapy chamber.  Following October 20, 2021, Maddalena made a liability claim against Plaintiff DIVINE WELLNESS for her alleged personal injuries.

18.     After Maddalena asserted her liability claims against Plaintiff DIVINE WELLNESS for personal injuries, Plaintiff DIVINE WELLNESS timely tendered Maddalena's injury claims to NFP and TRANSPORTATION for defense and indemnity under the Policy.    At the time of Maddalena's alleged injury in the cryotherapy chamber at Plaintiff DIVINE WELLNESS's sauna and cryotherapy studio and at the time Plaintiff DIVINE WELLNESS tendered Maddalena's injury liability claim to TRANSPORTATION, Plaintiff DIVINE WELLNESS had satisfied its obligations under the Policy and had paid all required insurance premiums for the Policy.

19.     After receiving notice of Maddalena's claims, TRANSPORTATION improperly denied liability insurance coverage to Plaintiff DIVINE WELLNESS, contending that the Policy selected and placed by NFP with TRANSPORTATION did not cover Plaintiff DIVINE WELLNESS's cryotherapy services to customers, leaving Plaintiff DIVINE WELLNESS without defense and indemnity against Maddalena's liability claim that alleges personal injuries.

20.     On July 26, 2022, Maddalena filed a lawsuit against Plaintiff DIVINE WELLNESS in Clark County, Nevada, styled *Maddalena v. Divine Wellness, LLC, d/b/a Elevated Sauna & Cryotherapy Studio, et al.*, Case No. A-22-855964-C (the "Lawsuit"), seeking damages for personal injury relating to Plaintiff DIVINE WELLNESS's cryotherapy chamber.  Again, Plaintiff DIVINE WELLNESS timely tendered to NFP and TRANSPORTATION notice of Maddalena's Lawsuit. Again, TRANSPORTATION improperly denied liability insurance coverage to Plaintiff DIVINE WELLNESS, contending that the Policy selected and placed by NFP with TRANSPORTATION did not cover Plaintiff DIVINE WELLNESS's cryotherapy services to customers, leaving Plaintiff DIVINE WELLNESS without defense and indemnity against Maddalena's Lawsuit that alleges personal injuries.

21.     TRANSPORTATION contends that NFP failed to procure the appropriate liability coverage from TRANSPORTATION for Plaintiff DIVINE WELLNESS's cryotherapy services.

22.     To the extent that TRANSPORTATION's refusal to defend and indemnify Plaintiff DIVINE WELLNESS under the Policy is correct, NFP is liable for the Policy benefits that Plaintiff

DIVINE WELLNESS would and should have recovered, including the defense and indemnity against Maddalena's personal injury claim and Lawsuit.

23.    To the extent that TRANSPORTATION's refusal to defend and indemnify Plaintiff DIVINE WELLNESS under the Policy is correct, TRANSPORTATION is liable as a principal for NFP's negligence.

24.    As a result of the conduct of each of the Defendants noted above, Plaintiff DIVINE WELLNESS has experienced substantial damage and losses, has been deprived of a defense and indemnity of Maddalena's claim and Lawsuit for personal injury, has been severely impeded in its ability to sell its business, and is suffering other general, special, consequential, incidental, and actual damages, including the costs of legal counsel, litigation costs, danger of adverse judgment, and other damages.

## III.

## FIRST CLAIM FOR RELIEF

**(Reformation – Plaintiff DIVINE WELLNESS Against TRANSPORTATION and DOES I-X and ROES I-X)**

25.    Plaintiff DIVINE WELLNESS realleges and incorporates herein each and every allegation set forth in Sections I and II of this Complaint, as well as each and every allegation contained in every other Claim for Relief, as if set forth in full herein.

26.    Plaintiff DIVINE WELLNESS and TRANSPORTATION, in return for a commercially reasonable premium, intended that Plaintiff DIVINE WELLNESS's sauna and cryotherapy studio business be insured against liability for personal injuries related to customers' use of Plaintiff DIVINE WELLNESS's cryotherapy services and equipment, including defense and indemnity protection against personal injury claims made by cryotherapy customers such as Maddalena.

27.    If TRANSPORTATION's contentions are correct, Plaintiff DIVINE WELLNESS and TRANSPORTATION did not insure, despite the parties' intention to do so, Plaintiff DIVINE WELLNESS's sauna and cryotherapy studio business against liability for personal injuries related to customers' use of Plaintiff DIVINE WELLNESS's cryotherapy services and equipment, and did not provide for, despite the parties' intention that it do so, Plaintiff DIVINE WELLNESS defense and indemnity protection against injury claims made by cryotherapy customers.

28.     Plaintiff DIVINE WELLNESS and TRANSPORTATION would have insured Plaintiff DIVINE WELLNESS's sauna and cryotherapy studio business against liability for personal injuries related to customers' use of Plaintiff DIVINE WELLNESS's cryotherapy services and equipment, including defense and indemnity protection against personal injury claims made by cryotherapy customers, but for the errors of NFP.

29.     To the extent NFP was acting as a dual agent representing TRANSPORTATION and a broker representing Plaintiff DIVINE WELLNESS, the errors of NFP may be binding on both Plaintiff DIVINE WELLNESS and Defendant TRANSPORTATION.

30.     As a result, Plaintiff DIVINE WELLNESS is entitled to an immediate order reforming the Policy to provide Plaintiff DIVINE WELLNESS with liability insurance coverage, including defense and indemnity, for Maddalena's personal injury claims and Lawsuit against Plaintiff DIVINE WELLNESS.

## IV.

## SECOND CLAIM FOR RELIEF

### (Negligence – Plaintiff DIVINE WELLNESS Against NFP and TRANSPORTATION and DOES I-X and ROES I-X)

31.     Plaintiff DIVINE WELLNESS realleges and incorporates herein each and every allegation set forth in Sections I and II of this Complaint, as well as each and every allegation contained in every other Claim for Relief, as if set forth in full herein.

32.     Plaintiff DIVINE WELLNESS requested adequate and appropriate casualty and liability insurance to protect Plaintiff DIVINE WELLNESS's sauna and cryotherapy studio business, including, specifically, liability protection, including defense and indemnity, against customer personal injury claims arising out of use of Plaintiff DIVINE WELLNESS's cryotherapy services and equipment.

33.     NFP agreed to procure casualty insurance for Plaintiff DIVINE WELLNESS against liability for personal injuries arising out of Plaintiff DIVINE WELLNESS's operation of its sauna and cryotherapy studio, including, specifically, against liability for personal injuries arising out of customers' use of Plaintiff DIVINE WELLNESS's cryotherapy services and equipment.

34.     NFP made that agreement while acting as an agent of TRANSPORTATION and as a broker for Plaintiff DIVINE WELLNESS.

35.     When NFP procured the Policy, it did so as an agent of TRANSPORTATION.

36.     NFP represented to Plaintiff DIVINE WELLNESS that the Policy as issued was consistent with the representations, requests, and agreements to insure Plaintiff DIVINE WELLNESS against liability arising out of Plaintiff DIVINE WELLNESS's operation of its sauna and cryotherapy studio business, including against claims for personal injury by customers arising out of Plaintiff DIVINE WELLNESS's cryotherapy services and equipment.

37.     Plaintiff DIVINE WELLNESS relied on the representations and promises by NFP.

38.     To the extent NFP acted as an agent of TRANSPORTATION, TRANSPORTATION and NFP are each independently, as well as jointly and severally, liable to Plaintiff DIVINE WELLNESS on principal-agent and vicarious liability theories.

39.     As a proximate result of the aforementioned unreasonable and negligent conduct, Plaintiff DIVINE WELLNESS has suffered uninsured losses and will continue to suffer general, special, consequential, incidental, and actual damages in excess of Fifteen Thousand Dollars ($15,000.00) and in an amount to be determined at the time of trial, including attorneys' fees, litigation costs, risk of adverse judgment and related damages, loss of opportunity damages associated with the inability to sell its business due to the NFP's and TRANSPORTATION's refusal to defend and indemnify Plaintiff DIVINE WELLNESS against Maddalena's claims and Lawsuit, and other damages in the process of pursuing coverage.

## V.

## THIRD CLAIM FOR RELIEF

### (Breach of Contract – Plaintiff DIVINE WELLNESS Against TRANSPORATION and DOES I-X and ROES I-X)

40.     Plaintiff DIVINE WELLNESS realleges and incorporates herein each and every allegation set forth in Sections I and II of this Complaint, as well as each and every allegation contained in every other Claim for Relief, as if set forth in full herein.

41.     A valid and enforceable contract, the Policy, existed between Plaintiff DIVINE WELLNESS and TRANSPORTATION.

42.     The Maddalena personal injury claims and Lawsuit are covered under the Policy and not excluded thereby, because TRANSPORTATION had actual and/or constructive knowledge that Plaintiff DIVINE WELLNESS's sauna and cryotherapy studio business offered to customers

cryotherapy services and equipment for which Plaintiff DIVINE WELLNESS requested and expected liability insurance coverage at the time of application, at the time of Policy issuance, and thereafter, waiving the applicable Policy conditions and exclusions.  To the extent that TRANSPORTATION did not waive those conditions and exclusions, they are unenforceable due to estoppel and any other legally cognizable theory due to TRANSPORTATION's knowledge of the foregoing facts.

43.     Plaintiff DIVINE WELLNESS complied with all conditions and requirements under the Policy, except those which are unenforceable as a matter of law.

44.     TRANSPORTATION breached the Policy by failing to provide defense and indemnity against Maddalena's claims and Lawsuit, and by failing to pay fairly, properly, and fully all amounts due on account of Maddalena's claims in Lawsuit, including as discussed above.

45.     As a direct and proximate result, Plaintiff DIVINE WELLNESS was and is without sufficient insurance coverage for Maddalena's claims and Lawsuit as contemplated under the Policy, and suffered other general, special, consequential, incidental, and actual damages in excess of Fifteen Thousand Dollars ($15,000.00) and in an amount to be determined at the time of trial, including attorneys' fees, litigation costs, risk of adverse judgment and related damages, loss of opportunity damages associated with the inability to sell its business due to the NFP's and TRANSPORTATION's refusal to defend and indemnify Plaintiff DIVINE WELLNESS against Maddalena's claims and Lawsuit, and other damages in the process of pursuing coverage.

## VI.

### FOURTH CLAIM FOR RELIEF

### (Breach of the Implied Covenant of Good Faith and Fair Dealing – Plaintiff DIVINE WELLNESS Against TRANSPORTATION and DOES I-X and ROES I-X)

46.     Plaintiff DIVINE WELLNESS realleges and incorporates herein each and every allegation set forth in Sections I and II of this Complaint, as well as each and every allegation contained in every other Claim for Relief, as if set forth in full herein.

47.     A valid and enforceable contract, the Policy, existed between Plaintiff DIVINE WELLNESS and TRANSPORTATION.

48.     Plaintiff DIVINE WELLNESS complied with all conditions and requirements of them under the Policy, except those which are unenforceable as a matter of law.

49.     Arising out of the contract, TRANSPORTATION owed Plaintiff DIVINE WELLNESS a duty of good faith and fair dealing.

50.     TRANSPORTATION breached that duty by, *inter alia*:

a)  Consciously and unreasonably withholding Policy benefits due;

b)  Consciously and unreasonably delaying Policy benefits due;

c)  Consciously and unreasonably failing to thoroughly and fairly investigate all information reasonably available to it;

d)  Consciously and unreasonably refusing to fully investigate Maddalena's claims and Lawsuit in good faith;

e)  Consciously and unreasonably refusing to give Plaintiff DIVINE WELLNESS's interests at least as much as its own;

f)  Consciously and unreasonably failing to adopt and implement reasonable or proper standards for the prompt and fair investigation of the Maddalena's claims and Lawsuit;

g)  Consciously and unreasonably taking a position on coverage under the POLICY for Maddalena's claims and Lawsuit that is contrary to the clear terms of the Policy itself; and

h)  Consciously and unreasonably refusing to comply with applicable insurance industry standards and laws.

51.     TRANSPORTATION's conduct included unfair and deceptive acts or practices in violation of NRS 686A.310, and unfair methods of competition as part of a pattern and practice of improper claims administration.

52.     As a direct and proximate cause of TRANSPORTATION's actions, Plaintiff DIVINE WELLNESS has been damaged as set forth above, including, to wit:  as a direct and proximate result, Plaintiff DIVINE WELLNESS was and is without sufficient insurance coverage for Maddalena's claims and Lawsuit as contemplated under the Policy, and suffered other general, special, consequential, incidental, and actual damages in excess of Fifteen Thousand Dollars ($15,000.00) and in an amount to be determined at the time of trial, including attorneys' fees, litigation costs, risk of adverse judgment and related damages, loss of opportunity damages associated with the inability to sell its business due to the NFP's and TRANSPORTATION's refusal

to defend and indemnify Plaintiff DIVINE WELLNESS against Maddalena's claims and Lawsuit, and other damages in the process of pursuing coverage.

53.     The above outrageous actions were done by TRANSPORTATION oppressively, fraudulently, and/or with malice, expressed or implied, with a willful, wanton and/or conscious disregard for the safety of others, and thereby Plaintiff DIVINE WELLNESS is entitled to punitive damages in excess of Fifteen Thousand Dollars ($15,000.00).  In addition, punitive damages should be awarded against TRANSPORTATION as its managerial agents authorized the dealing and manner of said TRANSPORTATION's agents, employees, or servants aforementioned acts; and/or TRANSPORTATION's agents, servants, or employees were not fit or properly trained for their designated responsibilities relating to Plaintiffs; and/or TRANSPORTATION's agents, servants, or employees were employed in a managerial capacity and were acting in the scope of employment at the time of the aforementioned acts; and/or TRANSPORTATION and/or its managerial agents ratified or approved the aforementioned acts of TRANSPORTATION's agents, servants, or employees.

**VII.**

**FIFTH CLAIM FOR RELIEF**

**(DECLARATORY RELIEF – Plaintiff DIVINE WELLNESS Against TRANSPORTATION and DOES I-X and ROES I-X)**

54.     Plaintiff DIVINE WELLNESS realleges and incorporates herein each and every allegation set forth in Sections I and II of this Complaint, as well as each and every allegation contained in every other Claim for Relief, as if set forth in full herein.

55.     Based upon and as a result of all the foregoing, Plaintiff DIVINE WELLNESS is entitled to declaratory relief against TRANSPORTATION in the form of an order requiring TRANSPORTATION to immediately provide Plaintiff DIVINE WELLNESS with liability insurance coverage, including defense and indemnity, for Maddalena's personal injury claims and Lawsuit against Plaintiff DIVINE WELLNESS.

56.     Furthermore, based upon and as a result of all the foregoing, Plaintiff DIVINE WELLNESS is entitled to declaratory relief against TRANSPORTATION in the form of an order requiring TRANSPORTATION to immediately pay to Plaintiff DIVINE WELLNESS damages directly and proximately caused by TRANSPORTATION's malfeasance, to wit:  general, special,

consequential, incidental, and actual damages in excess of Fifteen Thousand Dollars ($15,000.00) and in an amount to be determined at the time of trial, including attorneys' fees, litigation costs, risk of adverse judgment and related damages, loss of opportunity damages associated with the inability to sell its business due to the NFP's and TRANSPORTATION's refusal to defend and indemnify Plaintiff DIVINE WELLNESS against Maddalena's claims and Lawsuit, and other damages in the process of pursuing coverage.

## VIII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DIVINE WELLNESS, expressly reserving the right to amend this Complaint at the time of trial of this action herein to include all items of damage not yet ascertained, hereby demands judgment against Defendants, and each of them, as jointly and severally liable tortfeasors to the extent allowed herein by the facts and law, as follows:

1. An immediate order reforming the Policy to provide Plaintiff DIVINE WELLNESS with liability insurance coverage, including defense and indemnity, for Maddalena's personal injury claims and Lawsuit against Plaintiff DIVINE WELLNESS, as set forth above;

2. Declaratory relief against TRANSPORTATION in the form of an order requiring TRANSPORTATION to immediately provide Plaintiff DIVINE WELLNESS with liability insurance coverage, including defense and indemnity, for Maddalena's personal injury claims and Lawsuit against Plaintiff DIVINE WELLNESS, as set forth above;

3. For general damages in excess of in excess of Fifteen Thousand Dollars ($15,000.00), as set forth above;

4. For special damages according to proof, as set forth above;

5. For consequential damages in excess of in excess of Fifteen Thousand Dollars ($15,000.00), as set forth above;

6. For incidental damages in excess of in excess of Fifteen Thousand Dollars ($15,000.00), as set forth above;

7. For actual damages in excess of Fifteen Thousand Dollars ($15,000.00), as set forth above;

8.    For punitive and exemplary damages in excess of in excess of Fifteen Thousand Dollars ($15,000.00), as set forth above;

9.    For pre-judgment interest;

10.    For reasonable attorneys' fees and costs of suit;

11.    For all allowable statutory damages and remedies against Defendants, as set forth above, including attorneys' fees, costs, pre-judgment interest, and post-judgment interest, all according to proof; and

12.    For any additional and further relief as may be deemed appropriate by the Court.

DATED this 19th day of October, 2023.

JUDD J. BALMER, ESQ., LTD.
*A Nevada Professional Corporation*

/s/ Judd J. Balmer
By:_____
JUDD J. BALMER, ESQ.
Nevada Bar No. 006212
170 S. Green Valley Parkway, Suite 300
Henderson, Nevada 89012
T:  (702) 642-4200
F:  (702) 642-4300
E:  jbalmer@balmerlawfirm.com
*Attorney for Plaintiff DIVINE WELLNESS, LLC,*
*a Nevada Limited Liability Company, d/b/a*
*ELEVATED SAUNA & CRYOTHERAPY STUDIO*

# EXHIBIT 3

Initial Appearance Fee Disclosure

Electronically Filed
10/19/2023 11:38 PM
Steven D. Grierson
CLERK OF THE COURT

IAFD
**JUDD J. BALMER, ESQ.**
NEVADA BAR NO. 006212
**JUDD J. BALMER, ESQ., LTD.**
*A Nevada Professional Corporation*
170 S. Green Valley Parkway, Suite 300
Henderson, Nevada 89012
T: (702) 642-4200
F: (702) 642-4300
E: jbalmer@balmerlawfirm.com
*Attorneys for Defendant Divine Wellness, LLC,*
*d/b/a Elevated Sauna & Cryotherapy Studio*

CASE NO: A-23-879968-C
Department 5

# DISTRICT COURT
## CLARK COUNTY, NEVADA

DIVINE WELLNESS, LLC, a Nevada Limited
Liability Company, d/b/a ELEVATED SAUNA &
CRYOTHERAPY STUDIO;

   Plaintiff,

  v.

NFP PROPERTY & CASULATY SERVICES,
INC., a foreign corporation; TRANSPORTATION
INSURANCE COMPANY, a foreign business
entity; DOES I through XXX, inclusive; ROES I
through XXX, inclusive,

   Defendants.

Case No.:
Dept. No.:

**INITIAL APPEARANCE FEE**
**DISCLOSURE**

  Pursuant to NRS Chapter 19, as amended by Senate bill 106, filing fees are submitted for

parties appearing in the above entitled action as indicated below:

DIVINE WELLNESS, LLC, d/b/a ELEVATED SAUNA & CRYOTHERAPY STUDIO: $270.00

TOTAL REMITTED: (Required)            $270.00

  DATED this 19th day of October, 2023.

      JUDD J. BALMER, ESQ., LTD.
      *A Nevada Professional Corporation*

   By:___/s/ Judd J. Balmer_____
      JUDD J. BALMER, ESQ.
      Nevada Bar No. 006212
      170 S. Green Valley Parkway, Suite 300
      Henderson, Nevada 89012
      T: (702) 642-4200
      F: (702) 642-4300
      E: jbalmer@balmerlawfirm.com
      *Attorneys for Defendant Divine Wellness, LLC,*
      *d/b/a Elevated Sauna & Cryotherapy Studio*

JUDD J. BALMER, ESQ., LTD.
*A Nevada Professional Corporation*

JS 44   (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| DIVINE WELLNESS, LLC | NFP PROPERTY & CASUALTY SERVICES, INC. |

| (b) County of Residence of First Listed Plaintiff   Clark County, Nevada | County of Residence of First Listed Defendant   New York and Arizona |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Judd J. Balmer, Esq., Ltd., 170 S. Green Valley Parkway, Suite 300, Henderson, Nevada 89012 \| Tel 702-642-4200 | Charles H. McCrea, Esq., PRHLAW LLC, 520 S. 4th St., Ste 360, Las Vegas, Nevada 89101 \| Tel 702-834-6166 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [X] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury<br>[ ] 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 690 Other<br><br>**LABOR**<br>[ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Management Relations<br>[ ] 740 Railway Labor Act<br>[ ] 751 Family and Medical Leave Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Employee Retirement Income Security Act | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 835 Patent - Abbreviated New Drug Application<br>[ ] 840 Trademark<br>[ ] 880 Defend Trade Secrets Act of 2016<br>**SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g)) | [ ] 375 False Claims Act<br>[ ] 376 Qui Tam (31 USC 3729(a))<br>[ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit (15 USC 1681 or 1692)<br>[ ] 485 Telephone Consumer Protection Act<br>[ ] 490 Cable/Sat TV<br>[ ] 850 Securities/Commodities/ Exchange<br>[ ] 890 Other Statutory Actions<br>[ ] 891 Agricultural Acts<br>[ ] 893 Environmental Matters<br>[ ] 895 Freedom of Information Act<br>[ ] 896 Arbitration<br>[ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>[ ] 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>[ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | **CIVIL RIGHTS**<br>[ ] 440 Other Civil Rights<br>[ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 445 Amer. w/Disabilities - Employment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>[ ] 463 Alien Detainee<br>[ ] 510 Motions to Vacate Sentence<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>**Other:**<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br>[ ] 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>[ ] 462 Naturalization Application<br>[ ] 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sec. 1332

Brief description of cause:
Breach of insurance contract

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
Excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| November 7, 2023 | /s/Charles H. Mc/Crea (NSB #104) |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: <u>Nature of Suit Code Descriptions</u>.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.