UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DIVINE WELLNESS, LLC,

    Plaintiff(s),

v.

NFP PROPERTY & CASUALTY SERVICES, INC., et al.,

    Defendant(s).

Case No. 2:23-cv-01828-JCM-NJK

**Order**

[Docket No. 22]

Pending before the Court is Defendant NFP's motion to stay discovery pending resolution of its motion to dismiss and motion to stay the case pending resolution of the underlying state court action. Docket No. 22. Defendant Transportation Insurance Company filed a joinder. Docket No. 26. Plaintiff filed a response in opposition. Docket No. 24. NFP filed a reply. Docket No. 29. The motions are properly resolved without a hearing. *See* Local Rule 78-1.

**I.    MOTION TO STAY THE CASE**

The local rules prohibit raising two separate requests for relief in the same filing. Local Rule IC 2-2(b). "This rule is not an exercise of pure formality." *Bank of N.Y. Mellon v. SFR Invs. Pool 1, LLC*, 2017 U.S. Dist. Lexis 132101, at *2 (D. Nev. Aug. 18, 2018) (Mahan, J.). Among other underpinnings, the Rule seeks to ensure that distinct matters are presented with sufficient clarity and supporting argument to enable the fashioning of a ruling, particularly when the distinct issues are subject to varying standards. *See id.*; *see also Underwood v. O'Reilly Auto Enterps., LLC*, 2022 WL 1184883, at *2 (D. Nev. Apr. 20, 2022). The rule also accounts for the need to steer different requests to different judicial officers. *Cf. Anoruo v. Valley Health Sys., LLC*, 2018 WL 1785866, at *1 n.2 (D. Nev. Apr. 13, 2018).

The instant filing seeks different forms of relief (to stay discovery and to stay the case). The Court herein will decide only the motion to stay discovery. The motion to stay the case will be denied without prejudice to its refiling in compliance with Local Rule IC 2-2(b).

## II.    MOTION TO STAY DISCOVERY

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The party seeking a stay of discovery bears the heavy burden of making a strong showing that discovery should be denied. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). Discovery may be stayed when: (1) there is a pending motion that is potentially dispositive in scope and effect; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the underlying motion and is convinced that Plaintiff will be unable to state a claim for relief. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

The Court is not persuaded that a sufficient showing has been made to support a stay of discovery pending resolution of NFP's motion to dismiss.[1] The Court is not persuaded that a stay of discovery is warranted because the Court has not been convinced that the motion to dismiss will prevail. It bears repeating that the filing of a non-frivolous dispositive motion, standing alone, is not enough to warrant staying discovery. *See, e.g.*, *Tradebay*, 278 F.R.D. at 603. Instead, the Court must be "convinced" that the dispositive motion will be granted. *See, e.g.*, *id.* "That standard is not easily met." *Kor Media*, 294 F.R.D. at 583. "[T]here must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort." *Id.* (quoting *Trazska v. Int'l Game Tech.*, 2011 WL 1233298, *3 (D. Nev. Mar. 29, 2011)) (emphasis in original). The Court requires this robust showing because applying a lower standard

---

[1] The Court notes that Defendant Transportation Insurance filed an answer and did not join in the pending motion to dismiss. *See* Docket No. 15. Hence, it would appear that any stay of discovery pending resolution of the motion to dismiss would be limited to Defendant NFP. *See White v. Am. Tobacco Co.*, 125 F.R.D. 508, 510 (D. Nev. 1989).

would likely result in unnecessary delay in many cases.  *Id.* (quoting *Trazska*, 2011 WL 1233298, at *4).  The Court is not convinced here that the motion to dismiss will succeed.[2]

As a result, the motion to stay discovery pending resolution of the motion to dismiss will be denied.[3]

### III.  CONCLUSION

For the reasons discussed above, the motion to stay discovery is **DENIED** and the motion to stay the case is **DENIED** without prejudice to its refiling in compliance with Local Rule IC 2-2(b).

IT IS SO ORDERED.

Dated: May 17, 2024

　　　　　　　　　　　　　　　　　　　　　　　　　　　
Nancy J. Koppe
United States Magistrate Judge

---

[2] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge will decide the motion to dismiss and may have a different view of its merits.  *See Tradebay*, 278 F.R.D. at 603.  The undersigned's "preliminary peek" at the merits of the motion to dismiss is not intended to prejudice its outcome.  *See id.*  As a result, the undersigned will not provide a lengthy discussion of the merits of the underlying motion in this instance, though the Court notes with respect to ripeness that Plaintiff's alleged damages are ongoing based on defending itself in the state court action and that a plaintiff is permitted to plead in the alternative.  *But see* Docket No. 13 at 6.  The Court is also not convinced that a negligence claim has not been stated.

[3] Although Plaintiff opposes the motion, Docket No. 24, a statement in the discovery plan appears to indicate that Plaintiff may agree with the stay of discovery, *see* Docket No. 23 at 1.  NFP asks that its motion be granted on this basis.  *See* Docket No. 29 at 3.  While the Court may grant a motion on the basis of a failure to oppose, *see* Local Rule 7-2(d), such a decision is discretionary in nature, *see, e.g.*, *United States v. $16,000.00 in United States Currency*, 2019 WL 13213900, at *1 n.2 (D. Nev. Oct. 22, 2019).  The Court declines to grant the pending motion to stay discovery as unopposed.  First, Plaintiff filed a responsive brief in opposition to the motion.  *See* Docket No. 24.  Second, parties are not permitted to stay discovery on agreement without judicial approval at any rate, as such a scenario would impact case proceedings and the discovery schedule.  *See* Fed. R. Civ. P. 29(b); *see also* Local Rule 7-1(b).