# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DIVINE WELLNESS, LLC, <br>     Plaintiff(s), <br> v. <br> NFP PROPERTY & CASUALTY SERVICES, INC., <br>     Defendant(s). | Case No. 2:23-cv-01828-JCM-NJK <br><br> **Order** <br><br> [Docket No. 39] |

Pending before the Court is a stipulation to extend the dispositive motion and joint pretrial order deadlines because the parties wish to conduct depositions at unknown dates despite the expiration of the discovery cutoff a month ago. Docket No. 39. The entire predicate of the stipulation is faulty because the parties are not permitted to engage in discovery (even by agreement) after the discovery cutoff, *see, e.g.*, Fed. R. Civ. P. 29(b), and the parties did not (and still have not) sought or obtained relief from the discovery cutoff.[1] Making matters worse, the stipulation identifies absolutely no discovery of any kind that has been taken to date, *but see* Local Rule 26-3(a), which would appear to defeat the threshold required showing of diligence. Making matters even worse, the stipulation was filed not only a month after expiration of the discovery cutoff, but also on the day of the dispositive motion deadline. *But see* Local Rule 26-3 (requiring requests to extend case management deadlines be filed at least 21 days prior to the expiration of the subject deadline).

In light of the circumstances, the Court hereby **ORDERS** as follows. First, the parties must file a joint supplement to their stipulation that identifies with specificity all discovery completed to date. *See* Local Rule 26-3(a). If no discovery was taken, the supplement must so state. Second, the parties must specifically identify in the joint supplement each deposition that

---

[1] The Court is aware that there has been some confusion in the local bar regarding conducting depositions by agreement outside the discovery period. Both the plain language of the governing rule and the overwhelming legal authority is to the contrary, however. *See, e.g.*, *Henderson v. Aria Resort & Casino Holdings, LLC*, 2023 U.S. Dist. Lexis 70295, at *3 n.1 (D. Nev. Apr. 21, 2023) (discussing Rule 29(b) and collecting cases).

remains and a <u>firm</u> date on which each deposition will take place if the Court grants relief from the case management deadlines. *See* Local Rule 26-3(b). This joint supplement must be filed by October 2, 2024. Third, counsel must appear for a hearing at 1:00 p.m. on October 7, 2024, in Courtroom 3C. At that hearing, counsel must be prepared to address the governing "good cause" standard for extensions of case management deadlines, including the required showing of diligence, as well as the "excusable neglect" standard for reopening expired deadlines. *See, e.g.*, Local Rule 26-3.

    IT IS SO ORDERED.

    Dated: September 26, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

2