# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DIVINE WELLNESS, LLC,<br><br>Plaintiff(s),<br><br>v.<br><br>NFP PROPERTY & CASUALTY SERVICES, INC., et al.,<br><br>Defendant(s). | Case No. 2:23-cv-01828-JCM-NJK<br><br>**Order**<br><br>[Docket Nos. 46, 47] |

Pending before the Court is a motion for protective order filed by Defendant Transportation Insurance Company ("TIC") after hours at 6:08 p.m. on Wednesday, October 16, 2024. Docket No. 46. Because the motion seeks relief from a deposition scheduled for 10:00 a.m. on Monday, October 21, 2024, TIC seeks expedited briefing and resolution of its motion. Docket No. 47. The motions are properly resolved without a hearing. *See* Local Rule 78-1.

Both common sense and controlling legal precedent make clear that the filing of a motion for protective order does not relieve a deponent from appearing at a deposition; only an order from the Court does so. *Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maintenance Assoc.*, 316 F.R.D. 327, 336 (D. Nev. 2016) (quoting *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964)). Hence, a motion for protective order filed on the eve of a deposition is effectively seeking emergency relief, which is disfavored and subject to a number of procedural and substantive requirements. *See, e.g.*, *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015). Among other requirements, the movant cannot unduly delay in seeking relief. When the movant unnecessarily seeks relief from the Court at the eleventh hour, the "emergency" request may be denied outright. *See id.* at 1143. Outright denial of an emergency motion may be warranted when, for example, a deponent has three weeks' notice but files the motion for protective order three days before the deposition. *See Allstate Ins. Co. v. Nassiri*, 2011

1

WL 4905639, at *1 (D. Nev. Oct. 14, 2011) (Mahan, J.) (overruling objections to magistrate judge order).

In a nutshell, the instant motion challenges the breadth of the topics for TIC's Rule 30(b)(6) deposition. Docket No. 46. The motion acknowledges that these are the exact same deposition topics that TIC has known about for two months. *See* Docket No. 46 at 5; *see also* Docket No. 46-2 (original deposition notice). Indeed, TIC attests that it objected and conferred about those objections back in August. *See* Docket No. 46 at 23. Despite that ample time to obtain resolution of the objections, TIC filed its motion for protective order with only two judicial days before the deposition.[1] TIC attempts to explain this problematic timing by blaming the parties' earlier lack of discovery diligence in getting the deposition done before the previous discovery cutoff and the uncertainty as to whether the Court would allow relief from the discovery cutoff to complete the deposition. Docket No. 46 at 23.[2] Among other holes in this reasoning, nearly a month ago TIC had "agreed" that this Rule 30(b)(6) deposition "may occur soon," Docket No. 39 at 2 (stipulation filed on September 25, 2024), which certainly should have prompted some action with respect to its objections to that very same deposition. Moreover, <u>weeks ago</u>, the Court granted the stipulation to reset the discovery cutoff to allow for this deposition. Docket No. 45 at 3 (order issued on October 3, 2024). The Court noted in that very same order that no explanation had been provided why the existence of apparently unresolved objections warranted further delay. *Id.* at 3 n.3. Hence, it should have been clear weeks ago that time was of the essence as to any objections to this

---

[1] The motion for protective order was filed at 6:06 p.m. on Wednesday, October 16, 2024, seeking relief from the deposition scheduled for 10:00 a.m. on Monday, October 21, 2024. Hence, TIC left two judicial days (Thursday, October 17, 2024, and Friday, October 18, 2024), to brief and decide its motion.

[2] TIC also indicates that it had hoped Plaintiff would agree with its objections. Docket No. 46 at 23. The conferral process is very important and amicable resolution of discovery disputes is encouraged. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 297, 301-02 (D. Nev. 2019). At the same time, a mere hope that a dispute can be resolved without judicial intervention is not a justification for failing to promptly seek enforcement of a litigant's rights. *Cf. Garcia v. Serv. Emps. Int'l Union*, 332 F.R.D. 351, 354-55 (D. Nev. 2019). Moreover, if TIC believed opposing counsel was not being prompt enough in engaging in conferral efforts, *see* Docket No. 46 at 20, it could have filed its motion with such an explanation, *see* Fed. R. Civ. P. 26(c)(1) (requiring parties to certify that they have in good faith conferred "or attempted to confer").

deposition, and the record fails to show that the circumstances justify the late filing of the motion effectively two days before the deposition.

Accordingly, the motion for protective order and the motion to shorten time are both **DENIED**.

IT IS SO ORDERED.

Dated: October 17, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

3